LUIS A. RIVERA LACOURT, BALDOMERO FREYRE, JOSÉ A. AULET, and ALVARO CALDERÓN, JR., Petitioners, *v.* COMMONWEALTH BOARD OF ELECTIONS, Respondent.

No. 22.      Decided March 23, 1972.

*Luis A. Rivera Lacourt, pro se, José Aulet, pro se, Alvaro Calderón, Jr., pro se,* and *Ulises Barros* (in substitution of Mr. Baldomero Freyre), *pro se,* all members of the Commonwealth Board of Elections. *Gilberto Gierbolini, Solicitor General, J. F. Rodríguez Rivera, Deputy Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for the Commonwealth Board of Elections.

DECISION OF MR. CHIEF JUSTICE NEGRÓN FERNÁNDEZ.
(Given in open court on March 23, 1972.)

The matter which has been brought to the consideration of the Chief Justice, by virtue of the provisions contained in §§ 12 and 13d—which correspond to §§ 13 and 19 of Title 16

of the Laws of Puerto Rico Annotated—is with regard to a Decision issued by the Secretary of the Board acting as Supervisor, because of the inability of the Supervisor himself, to act according to the provisions of the Election Law.

■ That Decision issued by the Acting Supervisor, Mr. Busó, represents, according to the provisions of the act invoked for the appeal, the Decision of the Commonwealth Board of Elections. What was decided by the Acting Supervisor, in view of the nonunanimous vote of the members of the Board representing the political parties, was that the Board did not have the power—as it was raised by one of the members of the Board—to adopt the resolution which had been presented and had been discussed, and the terms of which had been changed; but in the terms in which it was at the time or at the moment on which it was raised, that it had no authority to adopt it. The question was thus raised by one of the members of the Board and held as the Decision of the Board by the Acting Supervisor. The matter comes before the Chief Justice with that limitation in the review under the pertinent provision of the Law.

The Commonwealth Board of Elections, as it is known and as it has already been mentioned by the colleagues, is in charge, by legal provision, of the supervision and direction of the elections in Puerto Rico. That direction and supervision is carried out in two manners: As provided by the Act where it provides how to carry out the electoral processes in their different stages and scopes; and also, through the adoption of rules and regulations—which cannot be in contravention of the law, as is the general principle—that once approved by the Governor shall have the force and effect of law.

■ Since the law does not provide that the Board has expressly in itself—irrespective of any other function corresponding to it such as the adoption of rules and regulations— the manner of carrying out the direction and supervision;

since it has not been specifically established by law that one of its functions is the adoption of agreements concerning the actions of its officers, specifically the General Supervisor of Elections, who is an officer appointed by the Governor on the advice and with the consent of the Senate and who is a member of the Board and Chairman of the same by provision of law, the Board can only regulate the conduct of its officers through the adoption of rules and regulations, insofar as this conduct may affect—in general application the regulations— what in the public image should be the greatest impartiality, the greatest trust in the administration, direction, and supervision of the electoral process by the Commonwealth Board of Elections and its officers.

■ The General Supervisor is an officer appointed by the Governor on the advice and with the consent of the Senate, who is part of the Board and Chairman thereof, and he is not a representative in the Board of any political party whatsoever. According to the manner in which the Board is organized by law, for any rule of conduct to be applied to the General Supervisor of Elections, it should be provided or fall within the orbit of what is regulated as a rule of conduct or ethical rule of the electoral officers, like the rules adopted for the courts and the magistrates—the canons of judicial ethics—and which would have the force of law once approved by the Governor of Puerto Rico and could be applicable precisely to the Supervisor. Any type of disciplinary action, including censure or any degree of expression which would indicate any type of censure is incumbent upon the Governor of the Commonwealth of Puerto Rico. In the history of the question raised by colleague Rivera Lacourt, that was the original purpose—changed later in the deliberations and with the contributions and discussions of the other members of the Board—with regard to some actions of the Supervisor concerning the plebiscitary process.

We have been informed, through the certificate which I read a few minutes ago, that the Board has not adopted rules or regulations of general application to govern the conduct of its officers and employees with regard to their official duties in the Board, or which may affect them in any manner. Such rules or regulations are highly desirable in order to maintain the public image at the utmost confidence in the electoral process.

We are limiting our words exclusively to the question posed and not to the facts which gave rise, or which were discussed, during the course of the consideration of the resolution of colleague Lacourt in the Board; in consideration to the general provisions of the Law, the provisions of the Political Code concerning the appointment of public officers and the derivatives of the exercise of that appointing power, insofar as it could entail some type of censure, which is incumbent upon the appointing power.

In view of the fact that we have been informed that there are no rules or regulations to govern the conduct of the officers and employees of the Commonwealth Board of Elections and in consideration that in our opinion it is not a strictly administrative question, but rather a legislative one, since it deals with the adoption of rules or regulations—irrespective of the fact that it is directed towards the best administrative order or to a better order in the very processes of supervision and direction of the elections—I think that I should decide to dismiss the petition on account of the fact that the matter belongs to the proper sphere of the Commonwealth Board of Elections in its regulatory and not in its adjudicative function.

The Chief Justice has no participation in the first of such functions, unless it is sustained that the unanimous vote of the members of the Board is necessary in order to adopt regulations, and with that invocation the provisions of law which may bring the matter to the consideration of the Chief Justice

is rendered operative. Since that is not the origin of the matter, and it has not been acquired through the normal process of the exercise of the powers of the Board to adopt rules and regulations—and within them those of an ethical character or of regulation of conduct, for better order in the proper supervision and discharge of the work it supervises and directs through all its personnel, maintaining thus beyond all public doubt the actions of its own officers—for the best regulation of that electoral process it is incumbent upon the Board to adopt rules of conduct for its own officers, under the authority expressly granted to it by the Legislature, as one of the means of carrying out its function of direction and supervision. Even the General Supervisor of Elections may be included in that regulation, as may well be included the members of the Board, if they so decide by their own determination.

As to the Supervisor, who is an officer appointed by the Governor on the advice and with the consent of the Senate, the objection to the effect that the same could be applicable to him would be overcome by the approval by the Governor of those rules and regulations. Any defect of assumed lack of power of the Board to do so exclusively by itself, with regard to an officer of executive appointment and approval of the Senate, whom the Board cannot discharge and upon whom it cannot apply any degree of sanction of a disciplinary character, would be cured thereby. If we were to consider only a recommendation—without it indicating any criticism whatsoever to the colleagues who favored it—it actually fails to have the obligatory, normative effect, and becomes a mere expression, which may be individually made by any member of the Board by himself, any of them, without it being an agreement of the Board.

I understand, that what is subject to come to the consideration of the Chief Justice, under the provision invoked in this case, is an adjudication, a decision. If the Com-

monwealth Board of Elections, at any time in which it had before itself the determination concerning the approval of regulations to govern the conduct of its own members, would understand and apply the mechanism of the unanimity of votes to request the approval of such regulations, and not the majority of the members of the Board, then the jurisdiction of the Chief Justice could be invoked to pass upon the propriety of the question raised, in the terms in which the matter was brought in its origin, or finally to a decision. The term "decision" refers rather to the adjudicative function of the Board and not to the daily ordinary incidental, administrative functions; nor, in general, to those of a legislative character, such as the adoption of rules and regulations. The most important rules which it could approve would be those to govern the conduct of the officers and members of the Commonwealth Board of Elections, so that the electoral process is not considered polluted with any type of foreseeable conduct in those preestablished rules, of general application.

CONSEQUENTLY, my decision is that the petition for appeal filed, in view of the reasons set forth—and acknowledging the noble spirit and the purpose which inspired petitioners in their position—should be, in strict application of the law and without any other possible means of consideration, DISMISSED. The Order to be transcribed with today's date and notified to the colleagues should be in that sense.

Given in open court, in San Juan, Puerto Rico, on March 23, 1972.

It was so ordered as witnesses the signature of the Chief Justice.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I ATTEST:

(s) JOSÉ L. CARRASQUILLO
*Clerk*